UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9449 DDP (MRW) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Bloomgarden v. County of Los Angeles | | |

| Present: The Honorable | Michael R. Wilner | |
|---|---|---|
| Veronica McKamie | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None present | | None present |

**Proceedings:**     (IN CHAMBERS)   ORDER TO SHOW CAUSE RE: STATUS OF COUNSEL

Plaintiff Bloomgarden is a pro se litigant in this civil rights action.  However, the Court observes that an attorney, Jack Earley, recently filed numerous documents on Plaintiff's behalf through the Court's electronic case management system (CM/ECF).  See, e.g., Docket # 22, 28, 31, 43.)  The documents themselves are not signed by either Plaintiff or Mr. Earley.  Plaintiff is not a registered user of the CM/ECF system, nor has he sought permission to file documents through that system.  Notably, Mr. Earley has not filed a notice of appearance in the action or any statement that he intends to represent Plaintiff.

Local Rule of Court 5-4.2(a)(1) specifically exempts pro se litigants from the use of the CM/ECF system.  According to the rule, "[u]nless otherwise ordered by the Court, pro se litigants shall continue to present all documents to the Clerk for filing in paper format."  One reason for this is the requirement under Federal Rule of Civil Procedure 11 and Local Rule 11-1 that "[a]ll documents [ ] be signed by the attorney for the party or the party appearing pro se."  Under Rule 11, a party's signature certifies to the court that the party's submitted document is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the factual contentions made to the court have or likely will have "evidentiary support."  Fed. R. Civ. P. 11(b)(1, 3).  Additionally, the signature provisions of Rule 11 may lead to the invocation of the court's sanctioning authority.  Fed R. Civ. P. 11(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9449 DDP (MRW) | Date | August 20, 2012 |
|---|---|---|---|
| Title | Bloomgarden v. County of Los Angeles | | |

      Plaintiff's use of an attorney's CM/ECF membership to file unsigned documents with the Court contravenes the Local Rules and the Federal Rules of Civil Procedure. It is entirely unclear whether the recent submissions filed in Plaintiff's name were actually written and "signed" by Plaintiff, or were the product of an attorney who has not affirmatively appeared in the case. Therefore, it is ORDERED that Plaintiff and Mr. Earley must <u>each</u> file a manually signed declaration with the Court by or before <u>September 4, 2012</u>, explaining the role (if any) of Mr. Earley in this lawsuit. If Mr. Earley is to represent Plaintiff as Plaintiff's civil attorney, the declaration must be accompanied by a notice of his appearance in the action. Further, all future court submissions must fully comply with the Court's Local Rules and filing procedures.