O

194

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HOWARD BLOOMGARDEN, | ) | Case No. CV 11-09449 DDP (MRW) |
| Petitioner, | ) | |
| v. | ) | **ORDER DENYING EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE** |
| COUNTY OF LOS ANGELES, et al., | ) | [Dkt. No. 86] |
| Defendants. | ) | |

Presently before the court is Petitioner Howard Bloomgarden's Emergency Motion a Temporary Restraining Order ("TRO").

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Defense Counsel</u>, 555 U.S. 7, 20 (2008). A TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility

1  of irreparable harm, or (2)raises serious questions and the balance
2  of hardships tips in favor of a TRO.  See Arcamuzi v. Continental
3  Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987).  "These two
4  formulations represent two points on a sliding scale in which the
5  required degree of irreparable harm increases as the probability of
6  success decreases."  Id.  Under both formulations, however, the
7  party must demonstrate a "fair chance of success on the merits" and
8  a "significant threat of irreparable injury."[1]  Id.
9      Petitioner is incarcerated at the Twin Towers Correctional
10 Facility.  (Mot. at 1.)  Petitioner alleges that a deputy entered
11 his cell and confiscated "most of Plaintiff's civil and criminal
12 legal work."  (Mot. at 2.)  According to Petitioner, deputies
13 informed him that inmates do not have the right to retain legal
14 materials related to pro se civil actions.  Id.  Two days after the
15 seizure, a paralegal retrieved Petitioner's legal materials for
16 safekeeping on Petitioner's behalf.  (Id.)
17     The basis of Petitioner's application for a TRO is somewhat
18 unclear to the court.  Prisoners clearly have a constitutional
19 right to access the courts.  Bounds v. Smith, 430 U.S. 817, 821
20 (1977).  However, "[d]enial of access to legal materials for a
21 short period of time is not necessarily a constitutional violation,
22 and some restrictions on a prisoner's access to legal resources are
23 allowed to accommodate legitimate administrative concerns."  Pierce
24 v. Gonzalez, No. 10-cv-00285 JLT, 2012 WL 6019579 at *2 (E.D. Cal.

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

Dec. 3, 2012) (citing Casey v. Lewis, 4 F.3d 1516, 1523 (9th Cir. 1993). Furthermore, an inmate alleging a denial of access to the courts must show actual injury. Lewis v. Casey, 518 U.S. 343, 349 (1996).

Here, Petitioner does not allege any actual injury. Though Plaintiff seeks to retain legal materials inside his cell, there is no allegation or indication that he has been or will be denied access to legal materials stored elsewhere, or that such an arrangement would prevent meaningful access to the courts. Indeed, it appears that, despite Petitioner's pro se status, he is receiving assistance from an attorney and a paralegal who, at Petitioner's direction, took custody of Petitioner's legal materials. Furthermore, Defendants have represented to the court that Petitioner may retain up to eight folders of legal material in his cell, pursuant to a state court order.[2] (Declaration of Maurice Jolliff ¶¶ 6, 9; Ex. A). Under such circumstances, Petitioner has not demonstrated that he is likely to succeed on the merits or that he is likely to suffer irreparable harm.

For these reasons, Petitioner's Emergency Motion for Temporary Restraining Order is DENIED, without prejudice.

**IT IS SO ORDERED.**

Dated: December 20, 2012

DEAN D. PREGERSON
United States District Judge

---

[2] It is unclear on the record before the court whether Petitioner has retained any legal materials in his cell. Defendants do not describe, nor does Petitioner challenge, generally applicable legal access policies.

3