# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-9449 DDP (MRW) | Date | October 6, 2017 |
|---|---|---|---|
| Title | Bloomgarden v. County of Los Angeles | | |

**Present: The Honorable** Michael R. Wilner

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None present | None present |

**Proceedings:** OSC RE: MOTION TO COMPEL

    1. The Court reviewed Plaintiff's motion to compel answers to deposition questions. (Docket # 174.) The motion consists of only Plaintiff's portion of the required joint submission – the defense did not participate in the preparation of the motion.

    2. The Court's quick review of the motion and Mr. Lewis's declaration (Docket # 174-2) raises numerous procedural issues. The Court has no information from the motion to determine when the Wilson deposition actually occurred. The Court presumes it was before the August 31 discovery cutoff. But Plaintiff waited at least five weeks – until October 6 – to file the motion.

    3. Like the vast majority of district and magistrate judges in this judicial district, Judge Wilner ordinarily does not entertain discovery motions filed after the close of discovery. They interfere with the timely consideration of case-dispositive motions and, in this case, the upcoming settlement conference. Plaintiff failed to explain why he filed a motion that is, on its face, untimely.[1]

    4. The Court also has real doubt that Plaintiff properly complied with Local Rule 37-1. That rule sets up a fairly elaborate pre-filing meet-and-confer procedure. The potentially moving party must (a) serve a letter requesting a conference with the opposition regarding the discovery dispute, (b) conduct an in-person or telephonic meeting, and (c) cooperate in the filing of a joint submission of the discovery motion.

---

    [1] The Court is aware that a case management order that it issued five years ago allowed for the filing of a post-cut-off discovery motion. (Docket # 85.) That hasn't been Judge Wilner's practice in years, and hasn't been repeated in any of the scheduling orders in this action since then.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-9449 DDP (MRW) | Date | October 6, 2017 |
|---|---|---|---|
| Title | Bloomgarden v. County of Los Angeles | | |

5. Local Rule 37-2.4 further states that the Court "will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added."

6. Mr. Lewis's declaration doesn't touch all of those bases. His minimal statement merely says that he emailed an unnamed defense lawyer "a proposed stipulation of discovery dispute." After that, Mr. Lewis states that "no supplement from the defense has been provided nor an extension requested." (Docket # 174-2.) That does not satisfy the Local Rules nor does it satisfactorily explain to the Court what actually happened here. (It also doesn't explain why the motion wasn't noticed for a hearing on a particular date on Judge Wilner's calendar.)

7. Therefore, Plaintiff is ordered to show cause why the discovery motion should not be dismissed based on these perceived procedural defects. Plaintiff may file a response to this order (not to exceed five pages) by October 13. The defense will also file a statement by that day setting forth their position regarding the pre-motion-filing events. After that, the Court will consider whether to proceed with the motion or not.